# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Stephanie Marshall,

            Plaintiff,                    Case No. 2:22-cv-2667

      v.                          Judge Michael H. Watson

James Hinkle, *et al.*,           Magistrate Judge Vascura

            Defendants.

## OPINION AND ORDER

Stephanie Marshall ("Plaintiff") sues James Hinkle ("Mr. Hinkle"), assistant Prosecuting Attorney Stephen Dunbar ("Attorney Dunbar"), and Judge Stephanie Mingo ("Judge Mingo," collectively "Defendants") under, *inter alia*, 42 U.S.C. § 1983. Compl., ECF No. 2. The Magistrate Judge screened Plaintiff's pro se Complaint under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R") recommending the Court dismiss the same. R&R, ECF No. 3. Plaintiff timely objected. Obj., ECF No. 4. For the following reasons, Plaintiff's objections are **OVERRULED**, and the R&R is **ADOPTED**.

## I. BACKGROUND

Plaintiff's claims arise out of state-court proceedings concerning real property in Columbus, Ohio. *See generally* Compl., ECF No. 2. Specifically, Plaintiff alleges that Attorney Dunbar and Judge Mingo committed "obvious procedural error" by reopening a closed case and by failing to properly dismiss

certain parties (including Plaintiff) from the case. *Id.* at 9–10. In summary, she argues that Defendants' conduct "is an attempt at having unwarranted seizure of my person under the veiled threat of fines/imprisonment if I do not show to an unlawful hearing of the status conference for another's property. Which shows intention for harm against me, possibly in retaliation or as another avenue to be in contact with [J]ames [H]inkle." *Id*. at 13.

The R&R dismissed the Complaint for three reasons. R&R 3–6, ECF No. 3. First, it dismissed all claims against Attorney Dunbar and Judge Mingo on the bases of prosecutorial and judicial immunity. *Id*. at 4. Next, it explained that, to whatever extent Plaintiff is attempting to appeal the state court's orders, the Court lacked jurisdiction over such claims pursuant to *Rooker-Feldman*. *Id*. at 4–5. Finally, the R&R dismissed all claims against Mr. Hinkle because the Complaint contains no allegations against him: it mentions him only as the current owner of the at-issue property. *Id*. at 5.

Plaintiff has timely objected to the R&R. Obj., ECF No. 4.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo those portions of the R&R that Plaintiff specifically objected to. Fed. R. Civ. P. 72(b)(3).

## III.     ANALYSIS

Construed liberally, Plaintiff presents the following objections to the R&R: (1) the concepts of judicial and prosecutorial immunity contradict the policies

behind 42 U.S.C. § 1983; (2) an action by Mr. Travis Wilcoxen ("Mr. Wilcoxen"), a code enforcement officer, violated Plaintiff's Fourth and Fourteenth Amendment rights; and (3) Plaintiff has a claim against Mr. Hinkle because her Sixth Amendment Confrontation Clause rights were violated when she was not able to confront Mr. Hinkle.  Obj. 3–8, ECF No. 4.  None of these objections have merit.

First, setting aside any academic arguments about the wisdom of absolute immunities, the existence of judicial and prosecutorial immunity is the law.  As properly explained in the R&R, both judges and prosecutors are absolutely immune from suit based on conduct within the scope of their duties.  *See, e.g.,* *Burnham v. Friedland*, No. 21-3888, 2022 WL 3046966, at *1 (6th Cir. Aug. 2, 2022) ("Judges are absolutely immune from suits under 42 U.S.C. § 1983 arising out of their performance of judicial functions." (internal citation omitted)); *Lucas v. Moore*, No. 19-4010, 2021 WL 2773936, at *3 (6th Cir. Jan. 20, 2021) ("Prosecutors have absolute immunity for actions taken within the scope of their duties." (internal citation omitted)).  Although the Complaint lacks clarity, it appears that all of Attorney Dunbar's and Judge Mingo's conduct about which Plaintiff complains was in the scope of their respective duties as assistant prosecuting attorney and judge.  *See generally* Compl., ECF No. 2.  Further, the Complaint does not allege any facts that give rise to one of the limited exceptions to these immunity doctrines.  Accordingly, Plaintiff's objections on this issue are overruled.

As to Plaintiff's objections about Mr. Wilcoxen and Mr. Hinkle, none of these arguments or allegations were included in the Complaint. *Compare* Compl. ECF No. 2 *with* Obj., ECF No. 4. Understandably, then, the Magistrate Judge did not address them in her initial screen. Thus, to the extent these new allegations are objections, they do not relate to anything in the R&R and are overruled. *Cf. Doss v. Corizon Med. Corp.*, No. 21-1423, 2022 WL 1422805, at *2 (6th Cir. Mar. 15, 2022) (explaining that a party's argument "first raised . . . in his objections to the magistrate judge's report" was forfeited).

To the extent Plaintiff included these new allegations as an attempt to amend her Complaint, those allegations fail to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). First, any claim against Mr. Wilcoxen fails. Plaintiff's three sentences about Mr. Wilcoxen allege only the following: (1) by "contacting" Plaintiff, Mr. Wilcoxen (or perhaps, the City of Columbus through him) violated her Fourth and Fourteenth Amendment rights; (2) Mr. Wilcoxen works as a code enforcement officer; and (3) Mr. Wilcoxen's company cannot "override" the United States Constitution. Only the first of these allegations references any interaction between Plaintiff and Mr. Wilcoxen and, although some extreme physical forms of "contact" can form the basis of a Fourth Amendment excessive force claim, Plaintiff has alleged no facts giving rise to such a claim here. Indeed, nothing Plaintiff says about Mr. Wilcoxen could support any Constitutional claim (Fourth Amendment, Fourteenth Amendment, or otherwise) of which the Court is aware.

Case No. 2:22-cv-2667 Page 4 of 6

Turning to the Sixth Amendment allegations related to Mr. Hinkle, they are likewise unavailing. To begin, it is not clear whether the state case underlying Plaintiff's claims was criminal or civil. If it was civil, the Confrontation Clause right did not apply because the Confrontation Clause "applies only in criminal cases." *Doyle v. Clark Cnty. Pub. Libr.*, No. C-3-07-003, 2007 WL 2902211, at *2 (S.D. Ohio Oct. 2, 2007) (citation omitted).[1] If the underlying case was criminal— and if a Confrontation Clause violation occurred during that case—any claim based on that violation would almost certainly be barred by *Heck v. Humphrey*. *See, e.g., Wentzel v. Bakker*, No. 1:12-CV-1397, 2013 WL 4068183, at *10 (W.D. Mich. Aug. 12, 2013) (holding that the plaintiff's Sixth Amendment claims, including a Confrontation Clause claim, "are barred by *Heck*, because success would necessarily imply the invalidity of his conviction"). So, whether the underlying case was criminal or civil, Plaintiff's Confrontation Clause claim fails. In sum, to whatever extent Plaintiff included these new arguments as an attempt to amend her Complaint, those amendments fail to state a claim on which relief may be granted such that amendment would be futile. Accordingly, the Court **ADOPTS** the R&R's recommendation that this case be dismissed.[2]

---

[1] Additionally, to whatever extent Plaintiff is arguing that she has some Sixth Amendment Confrontation Clause right in *this* case, that argument is misplaced for the same reason: this is a civil case and, therefore, the Confrontation Clause is not implicated.

[2] In the alternative, Plaintiff raises no objection to the Magistrate Judge's conclusion that the Court lacks jurisdiction over this case pursuant to *Rooker-Feldman*. *See generally* Obj., ECF No. 4. So, Plaintiff has forfeited any objection to that determination, and the Court adopts the R&R on that alternative ground.

## IV.    CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**, and the R&R is

**ADOPTED**.  The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**